UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARL SMITH, | ) | 1:05-cv-01151-LJO-TAG HC |
| | ) | |
|               Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION AS UNTIMELY |
| v. | ) | (Doc. 13) |
| | ) | |
| D.G. ADAMS, | ) | ORDER TO FILE OBJECTIONS WITHIN TWENTY DAYS |
|               Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his petition on August 22, 2005 in the United States District Court for the Central District of California. (Doc. 7-2).  On September 12, 2005, the case was transferred to this Court. On March 30, 2007, the Court ordered Respondent to file a response. (Doc. 12). On May 24, 2007, in lieu of a response, Respondent filed the instant motion to dismiss. (Doc. 13). Petitioner filed his response to the motion to dismiss on July 5, 2007, but his response does not directly address the issue of the timeliness of the petition. (Doc. 14).

DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

On May 24, 2007, Respondent has filed the instant motion to dismiss the petition as being filed outside the one-year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989)(using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982)(same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion. See id.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. § 2244(d)(1)'s one year limitation period. (Doc. 13). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320. The instant petition was filed on August 22, 2005, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. The AEDPA, however, is silent on how the one year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA. The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1). Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1286 (9th Cir.), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202, 123 S. Ct. 1398 (2003). In such circumstances, the limitations period would begin to run on April 25, 1996. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Here, Petitioner was convicted in 1980. (Doc. 7-2, p. 2). It appears from the record that Petitioner's direct review concluded ninety days after June 30, 1982, when remittitur issued from the California Court of Appeal after the California Supreme Court denied his petition for review. (Doc. 13, Exh. 3, p. 3). Since his direct review concluded prior to the enactment of the AEDPA, under normal circumstances, any challenge to Petitioner's 1980 conviction or sentence would therefore be subject to a one-year statute of limitations that would have commenced on April 25, 1996, and expired on April 25, 1997.

In this case, however, the situation is somewhat different because Petitioner is contending that he did not discover the factual basis for his claim until many years after his conviction. Under those circumstances, the one-year statute runs from "the date on which the factual predicate of the

3

claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  Thus, in order to determine whether the instant petition is timely for a 1980 conviction, the Court must first determine when, through the exercise of due diligence, Petitioner could have discovered the factual predicate of his claim.

In the instant petition, Petitioner contends that the refusal of the Board of Prison Terms ("BPT") to set a term of imprisonment violates the original plea agreement.  (Doc. 7-2, p. 5). Petitioner alleges that in July 1980, he was told by his trial attorney, the prosecutor, and the trial judge that if he waived his rights and pleaded guilty, the trial judge would recommend on the record that Petitioner serve only two-thirds of the minimum term of fifteen-years-to-life, i.e., ten years. (Doc. 7-2, p. 11).  When Petitioner had his parole board hearing in 1991, however, he was informed by the BPT that the trial judge's recommendation carried no weight, parole was denied, and no term was set.  (Id.).  Petitioner contends that he had a reasonable belief at the time of entering his plea that the trial judge's recommendation would result in the setting of his term at ten years, plus any enhancements.  (Id.).  According to Petitioner, subsequent policy decisions by State of California Governors Wilson and Davis foreclosed any chance of parole for Petitioner.  (Id. at p. 12).  Petitioner contends that, absent the trial judge's assurances about making the 10-year recommendation, Petitioner would not have entered into the plea agreement.  (Id.).

In the motion to dismiss, Respondent contends that Petitioner learned of the factual predicate for his claim when the BPT refused to set a term at the parole hearing that occurred on September 4, 1991.  (Doc. 13, p. 3).  Thus, under Respondent's analysis, the statute of limitations would have expired on September 4, 1992, absent applicable equitable or statutory tolling.  (Id.).

The Court agrees with Respondent's position.  From the documents submitted by Respondent, it appears that Petitioner had his first parole hearing on September 29, 1988, at which time the BPT denied parole.  (Doc. 13, Exh. 1, p. 4).  The following year, Petitioner was again denied parole, this time following a hearing on September 6, 1989.  (Id.).  However, since Petitioner had not yet served the ten year term he believed the trial judge had recommended, the first two parole denials would not necessarily have lain the factual predicate for Petitioner's claim.

///

At the third parole hearing, on September 4, 1991, parole was again denied. (Doc. 13, Exh. 1, p. 3). Because Petitioner had already served ten years at that juncture, the BPT's refusal to set a term, its denial of parole, and its decision to schedule a fourth parole hearing for September 1992, together gave Petitioner the factual predicate he required to raise the instant claim.

Indeed, Petitioner was denied annually from 1992 through 1996. (Id. at pp. 2-3). At the September 17, 1996 parole hearing, Petitioner was re-scheduled for a hearing two years hence. On October 1, 1998, parole was again denied for two more years. (Id. at p. 2). It appears that Petitioner's ninth parole hearing was held on June 20, 2001, when parole was again denied, this time only for one year. (Id.). At Petitioner's tenth hearing in 2002, his eleventh hearing in 2003, and his twelfth hearing in 2005, parole was denied. (Id.).

From the foregoing, it seems patent that, at any time after Petitioner's third parole hearing in 1991, he should have recognized that the BPT had not set a term of imprisonment, and indeed showed no inclination to do so in the future. From September 4, 1991, the factual basis for Petitioner's claim was reasonably apparent, and therefore the Court concludes that the one-year period for the statute of limitations would have commenced on that date and would have expired one year later on September 4, 1992, pursuant to 28 U.S.C. § 2244(d)(1)(D).

The earliest that the instant petition for writ of habeas corpus may be deemed filed is August 3, 2005, the date Petitioner signed his petition and delivered it to prison authorities. (Doc. 7-2, p. 8). The time between the commencement of the one-year statute on September 4, 1991, and the filing date of August 3, 2005, is 5,082 days. Subtracting the one year provided for by statute, leaves Petitioner with 4,717 days unaccounted for. Thus, unless Petitioner is entitled to statutory or equitable tolling for that entire period, the petition is untimely and must be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

5

challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Id. at 1005.  However, the limitations period is not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 181-182, 121 S. Ct. 2120 (2001).

Here, Petitioner filed his first state habeas regarding this claim in the Superior Court for the County of Los Angeles on June 5, 2003, and he continued to file state habeas petitions that were pending until the California Supreme Court denied his petition on July 13, 2005.  Doc. 13-2, Exhs. 2-4).  That is a period of 771 days.  That still leaves the petition late by 3,946 days.

It bears mentioning that the foregoing analysis is premised upon the *most* lenient interpretation of the facts, i.e., that Petitioner is entitled to statutory tolling for the entire period from the commencement of his first state habeas petition in 2003 until the denial of his last petition in 2005.  However, as mentioned, the one-year statute had already expired on September 4, 1992.  A petitioner is not entitled to tolling where the limitations period has *already* run prior to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999)(petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).  Since the limitations period had expired in 1992, approximately eleven years *before* Petitioner filed his first state habeas petition, he cannot avail himself of the statutory tolling provisions of the AEDPA for the petitions filed from 2003-2005.  Thus, the petition is, in

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction.  See Nino 183 F.3d at 1006, n. 2.  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal.  Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

reality, untimely by thirteen years.[1]

D. Equitable Tolling

The limitations period is subject to equitable tolling "if 'extraordinary circumstances' beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d at 541(citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997)); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner makes no claim of entitlement to equitable tolling and the Court sees no basis for such a claim in the record now before the Court. It appears that the only excuse proffered by Petitioner is that he waited for the BPT to do something, but it never did. (Doc. 14, p. 1). Claims of ignorance of the law are insufficient to justify equitable tolling. See e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). Petitioner's indigent status and limited legal knowledge is no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. Such circumstances are not extraordinary and do not justify equitable tolling. If limited resources and legal knowledge were an excuse for not complying with the limitations period, the enactment of the AEDPA would have been futile since most incarcerated prisoners have these same problems. Thus, the limitations period will not be equitably tolled.

Moreover, equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights. A petitioner who fails to

---

[1] In his response to the instant motion to dismiss, Petitioner complains that Respondent has labeled him a terrorist and someone sentenced to death. (Doc. 14, pp. 1-2). It appears that Petitioner is under the impression that the AEDPA, by virtue of its name, applies only to terrorists or persons subject to the death penalty. However, the AEDPA also has many provisions, including the one-year statute of limitations, that apply to all state prisoners challenging the fact or execution of their sentence, regardless of the nature of the crime for which they were convicted or the length of their sentence.

7

act diligently cannot invoke equitable principles to excuse his lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151, 104 S. Ct. 1723 (1984); see also Miles, 187 F.3d at 1107. Here, as discussed above, Petitioner went through annual or biennial denials of parole from 1991 through 2005. Yet it was only in 2003 that he began to pursue state court habeas remedies and it was only in 2005 that he finally filed the instant petition. In addition, nothing in the record suggests that Petitioner was otherwise prevented from diligently pursuing his state remedies starting in 1991. On such a record, the Court cannot conclude that Petitioner has acted with the due diligence that is a prerequisite to a claim of entitlement to equitable tolling.

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS the following:

1. That the Motion to Dismiss be GRANTED (Doc. 13); and

2. That the habeas corpus Petition (Doc. 1), be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 31, 2008**                          /s/ Theresa A. Goldner
                                                  UNITED STATES MAGISTRATE JUDGE